UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK A. HARRIS,

            Petitioner-Appellant,

 v.

WARREN L. MONTGOMERY, Warden,

            Respondent-Appellee.

No.    16-56596

D.C. No.
2:11-cv-07519-JVS-JPR
Central District of California,
Los Angeles

ORDER

Before:  FISHER, CALLAHAN, and OWENS, Circuit Judges.

The memorandum disposition filed on February 22, 2019, is hereby amended.  The superseding amended memorandum disposition will be filed concurrently with this order.

The petition for panel rehearing is DENIED.  No further petitions for rehearing or petitions for rehearing en banc will be entertained.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK A. HARRIS,

               Petitioner-Appellant,

  v.

WARREN L. MONTGOMERY, Warden,

               Respondent-Appellee.

No.   16-56596

D.C. No.
2:11-cv-07519-JVS-JPR

AMENDED MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 13, 2019
Pasadena, California

Before: FISHER, CALLAHAN, and OWENS, Circuit Judges.

Mark Harris, incarcerated in a California prison, appeals from the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his

sentence. As the parties are familiar with the facts, we do not recount them here.

We review de novo the district court's denial of habeas relief. *See Ybarra v.*

*McDaniel*, 656 F.3d 984, 989 (9th Cir. 2011). However, we may only grant relief

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under the Antiterrorism and Effective Death Penalty Act ("AEDPA") if the state court's adjudication on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Harris contests the state court's denial of his ineffective-assistance-of-counsel claim under both prongs of 28 U.S.C. § 2254(d); however, neither argument is successful. First, the state court identified the correct legal principle and reasonably applied it. *See Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (overcoming AEDPA deference requires that the application of precedent be "objectively unreasonable," not just "erroneous"). Even assuming that counsel performed deficiently, the state court reasonably concluded that there was no "reasonable probability that, but for counsel's errors, [Harris] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). Second, the state court made a reasonable factual determination that Harris's allegation that he would not have pled guilty if correctly informed about his parole term was "wholly unbelievable." In light of the significant bargain Harris received by pleading guilty and the lack of contemporaneous evidence that parole was a significant concern to Harris, the state

2

court's conclusion was not an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2); *see also Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004) (describing § 2254(d)(2) as a "daunting standard").

Because we cannot say that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Harrington v. Richter*, 562 U.S. 86, 103 (2011), we affirm the state court's ineffective-assistance ruling.

2. Harris also argues that his plea was neither voluntary nor knowing because he was misinformed about his parole term, thus the state court's holding contravened clearly established law. Although a guilty plea must be voluntarily and intelligently made, *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969), a defendant must only be informed of a plea's direct consequences, *see Brady v. United States*, 397 U.S. 742, 755 (1970). The United States Supreme Court has never held that a parole term is a "direct consequence" of a guilty plea. *See Chaidez v. United States*, 568 U.S. 342, 350 n.6 (2013) (explaining that *Hill v. Lockhart*, 474 U.S. 52, 56 (1985), did not establish "whether parole eligibility" was a direct or collateral consequence). Nor has the Supreme Court established whether a *Boykin* error is structural or requires harmless-error review. As such, the state court's holding was neither "contrary to" nor an "unreasonable application of[] clearly established Federal law." 28 U.S.C. § 2254(d)(1).

3

3. Harris's final assertion is that the state court unreasonably applied clearly established law to deny his due-process claim that he was deprived a state-protected interest, created by California Penal Code § 1170, in an accurate pre-plea parole advisement. This argument fails, however, because the state statute lacks both the requisite "substantive predicates" and "explicitly mandatory language" to create a liberty interest. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 462-63 (1989). For instance, it does not mandate a particular outcome when the law is violated, such as requiring a judge to reject a plea. *See In re Moser*, 862 P.2d 723, 729 (Cal. 1993). Federal habeas "is not available to remedy state law errors"; therefore, this claim is not cognizable for our review. *Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995).

**AFFIRMED.**

4